[No. 2341.   Decided December 7, 1896]

WOODLAND LUMBER COMPANY, *Respondent*, v. ADA C. LINK, *Appellant*.

HUSBAND AND WIFE — COMMUNITY PROPERTY.

A finding by the court that certain real estate is community property, and not the separate property of the wife, will not be disturbed, when the evidence shows that title was taken in the name of the wife, subsequent to marriage, and that the larger portion of the purchase price was undisputedly paid from community funds, and that the dwelling erected thereon had been paid for with community funds, since the presumption as to the community character of the property raised by such facts, is not overcome by evidence that at the time of purchase the land was intended as a gift to the wife.

Appeal from Superior Court, Pierce County.— Hon. W. H. PRITCHARD, Judge.   Affirmed.

*Sharpstein & Blattner*, for appellant.
*Hiram F. Garretson*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent brought this action to set aside a quit claim deed of conveyance from Henry W. Link to Ada C. Link, his wife, bearing date December 14, 1893, and to subject the real property described therein to the lien of respondent's judgment against the said Henry W. Link, and John H. Estes, partners as Link & Estes, which judgment was recovered on the 24th day of March, 1894.

The complaint alleges the issuance of execution and its return unsatisfied, the insolvency of the judgment debtors, and contains other allegations usual in such cases.   From a judgment and decree in favor of the plaintiff below, Ada C. Link has appealed.

It appears that the premises were purchased by the defendants in this action, subsequent to their marriage, for the sum of $400, and title was taken up the 13th day of February, 1889, in the name of Ada C. Link, the wife. Thereafter a dwelling house was erected thereon. The evidence is conflicting on some material points, but it is undisputed that $220 of the purchase price of $400 paid for these lots, was paid by the check of Link & Estes, and hence was a community contribution. It is also undisputed that the dwelling house thereafter built on the premises was paid for out of the community funds. During all this time the property was presumptively community property.

"Lands conveyed by deed of purchase to either husband or wife during the continuance of the marriage relation are *prima facie* common property." *Yesler v. Hochstettler*, 4 Wash. 349 (30 Pac. 398).

And while the record shows that the debt upon which respondent's judgment was rendered was not contracted until June, 1893, and respondent could not rightfully complain of any gift theretofore made by the husband to the wife, still the evidence failed to satisfy the lower court, and does not convince us, that it was the intention and purpose of the parties at the time when the lots were purchased and these contributions were made, that the property should become the separate property of the wife. It was improved by contributions from the community funds, and title of record remained in the wife — presumably for the community — until long after the debt to the respondent was contracted. In the meanwhile the partnership of Link & Estes became financially embarrassed. Then and not till then was the deed under consideration made. The case falls within Sec. 1455, Gen.

Stat. (Vol. 1, Hill's Code), and the rule announced by this court in *Yesler v. Hochstettler, supra*:

"If the evidence of the opposite parties leaves the matter in doubt, the presumption continues to weigh for the community, and will decide the question."

Upon consideration of the entire record we are unable to say that the findings of the lower court were not sustained by the evidence, and its judgment and decree will be affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.