[No. 5173.   Decided August 3, 1904.]

ELIZA A. HILL, *Appellant*, v. J. N. GARDNER, *Sheriff, et al., Respondents.*[1]

APPEAL—NOTICE—PROOF OF SERVICE—ACCEPTANCE.   Service of notice of appeal upon sureties on a redelivery bond is sufficiently shown by an acceptance of service by them, witnessed by an attorney of the supreme court, and by an affidavit of due service.

TRIAL—NONSUIT OVERRULED—DISMISSAL.   In an action tried before the court without a jury in which the court orally refuses to grant a nonsuit, whereupon the case is argued without the introduction of any evidence, the court is not precluded by the ruling on the motion for nonsuit from finding for the defendant and dismissing the action.

COMMUNITY PROPERTY—EVIDENCE—SUFFICIENCY—WIFE'S SEPARATE ESTATE.   A finding that a team of horses was community property will not be disturbed where the only evidence that the same was the separate property of the wife was that of the husband, to the effect that, thirty years before, she had received $1,000 from her father and had kept the money separate, tracing it through various investments, where the wife was present in court and failed to offer herself as a witness, and the husband's testimony was not wholly consistent.

EXECUTION—REDELIVERY BOND—VALUE OF PROPERTY—ALLEGATION OF CLAIMANT—ESTOPPEL.   In an action to compel the delivery of property levied upon by a sheriff, in which the claimant alleges the value to be $300, the claimant and the sureties are bound thereby and cannot complain that judgment for defendant was entered for $300 as the value of the property, although the only evidence of value made it appear to be less than $300.

SAME—ORIGINAL AMOUNT DUE ON THE ATTACHMENT—JUDGMENT FOR VALUE—PRESUMED LESS THAN SUM DUE.   Upon a judgment against a third party claimant of attached property, for $300 as the value of the property, where there is nothing to show the amount due under the attachment, it will be presumed in aid of the judgment that it was not a less sum, as required by Bal. Code, § 5266.

SAME—RETURN OF PROPERTY—JUDGMENT IN ALTERNATIVE FOR RETURN OR VALUE OF PROPERTY.   Upon an action for the redelivery

[1]Reported in 77 Pac. 808.

of attached property, it is error for the judgment to fail to pro-
vide in the alternative for the return of the property or its value.

INTEREST—JUDGMENT FOR REDELIVERY OF PROPERTY—INTEREST
PRIOR TO DATE OF JUDGMENT.    In an action for the redelivery of
attached property there is no authority for the recovery of inter-
est prior to the date of the judgment.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered January 12, 1904, upon
findings in favor of the defendant, dismissing on the
merits an action to compel the delivery of personal prop-
erty, after a trial before the court without a jury. Modi-
fied.

*Martin & Grant,* for appellant.

*Myers & Warren,* for respondents.

HADLEY, J.—This is an action to compel the delivery
of personal property levied upon by the sheriff. The
appellant, Eliza A. Hill, is the claimant. In pursuance
of § 5262, Bal. Code, she filed an affidavit, which alleges,
that the respondent Parrish commenced an action against
E. Hill, and caused a writ of attachment to issue therein,
which writ was delivered to respondent Gardner, as sheriff,
and that the latter was directed to immediately levy upon
the property of said E. Hill; that, under said writ of at-
tachment, said sheriff levied upon and took possession of
four horses, which are described in the affidavit; that said
property was and is the sole and separate property of
said Eliza A. Hill, and that no one else had or has any
right to the possession thereof; that said E. Hill had
neither any interest therein nor right of possession thereto.
The value of the property is laid at $300, and it is al-
leged that a demand was made upon the sheriff and said
Parrish for its delivery to said claimant, which was re-
fused. The claimant, Eliza A. Hill, is the wife of said

E. Hill. The cause was tried before the court without a jury, and resulted in a finding by the court that the property was the community property of the husband and wife, and judgment was entered against the claimant, from which she has appealed.

Respondents moved to dismiss the appeal, for the alleged reason that the notice of appeal was not served upon the sureties upon the redelivery bond. The record shows a service purporting to have been acknowledged in writing by the sureties themselves. Their signatures to the acceptance of service are witnessed by the signature of H. N. Martin, an attorney of this court, and the counsel for appellant. We also find in the record an affidavit of said Martin, showing due service made by him upon the bondsmen. The service is sufficiently shown, and the motion to dismiss the appeal is denied.

It is argued that the court erred in finding that the property levied upon was, at the time of the levy, the community property of appellant and her husband, and was not the separate property of appellant. The only witnesses offered in behalf of appellant upon the question of ownership were her son and husband. The former simply testified, in a general way, that he had always understood that the horses belonged to his mother, and that he had always heard them referred to in the family as her property. The husband testified that about thirty years ago the appellant received about $1,000 from her father, and that she has since kept that money separately invested. He undertook to trace the investment of the money down to and including the horses in question, following it through a number of investments, sales, and reinvestments. At the close of the testimony for appellant, respondents moved for a nonsuit upon the ground

that appellant had failed to show that the property belonged to her separately. The motion was denied, and respondents introduced no evidence. The case was then argued, and the court announced that the matter would be taken under advisement. The court must have changed its mind as to the force of the testimony after the ruling upon the motion for nonsuit, as no further evidence was introduced. The argument of counsel, however, followed that ruling, and, doubtless, features of the testimony, cross-examination of witnesses, and circumstances were analyzed and emphasized by the argument to the extent that the court felt impelled to find for respondents as aforesaid. Appellant complains that the court reversed its own ruling upon the motion for a nonsuit. We think, under the circumstances, that it had a right to further consider the evidence, and enter its findings thereon. No order or judgment had been entered upon the motion for nonsuit. There was simply a hasty oral announcement that the motion would be denied. The testimony of the husband is not wholly consistent, even upon his theory, and we are not prepared to say that the court, who saw and heard him testify, observing his manner, was not justified in disbelieving him. A further circumstance is shown by the record, which we think the court had a right to consider, along with the spoken testimony and other circumstances. The appellant herself sat in the court room during the examination of her son and husband, but she did not offer herself as a witness. It seems almost incredible that she should have owned these horses as the result of a long series of investments of her separate property, received from her father; that she should have managed the investments herself as the husband testified, and yet not have offered herself as a witness upon the subject when she sat in the court room and was able to testify.

Under the circumstances detailed by the husband, the appellant, of all persons, was the one who should have been able to tell the true story. We shall, therefore, not hold that the court should have found the horses to be her separate property. Property received by either spouse after marriage is prima facie community property. *Lemon v. Waterman*, 2 Wash. Ter. 485, 7 Pac. 899; *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398; *Curry v. Catlin*, 9 Wash. 495, 37 Pac. 678, 39 Pac. 101; *Woodland Lumber Co. v. Link*, 16 Wash. 72, 47 Pac. 222. The finding that the property in question was the community property of appellant and her husband will therefore not be disturbed.

It is next complained that judgment was entered for $300 as the value of the property. The only evidence upon the subject of value was that of the husband who said, "I am not posted on the prices of horses now. They are probably worth $50 apiece." Under that statement the four horses were not worth to exceed $200. But, inasmuch as the appellant herself alleged in her affidavit that the value was $300, we think she is bound thereby and cannot now show a less value. The undertaking of herself and sureties also recited that if she should fail to make good her title she would return the property, "or pay its value as stated in said affidavit." Both appellant and the sureties have, therefore, fixed the value at $300, and cannot now be heard to dispute it.

It is contended that the court was not authorized to enter the kind of judgment which was entered. It is simply for the recovery of $300, as the value of the property, with interest thereon. Section 5266, Bal. Code, provides that the judgment shall be for the value, "or for such less amount as shall not exceed the amount due on the original execution or attachment." There is nothing

in the record to show whether the amount due under the attachment was less or more than the value of the property; but, in aid of the judgment, it will be presumed that it was not a less sum.

It is further urged that the judgment does not provide in the alternative that appellant shall return the property or pay its value. Section 5262, *supra,* shows that such is her right, and § 5266, *supra,* must be construed in connection with the former one. In said particular we think the judgment was erroneous.

Further complaint is made of the judgment in that it provides for the recovery of six per cent interest per annum upon the amount of the judgment, from the date of the affidavit made by appellant when she sought possession of the property. The judgment was entered more than a year after said date, and there was thus added to the value of the property more than $18 as interest. We believe no authority exists in this special proceeding for the recovery of interest. The statute does not so provide. It merely contemplates the return of the property or the payment of its value, and that is all that the sureties undertook to do. This judgment is against them as well as against appellant. The only theory upon which interest could be allowed would be that it is in the nature of compensation, as damages for the detention of the property; but the statute does not provide for the adjustment of damages in this proceeding. We think it was error to include interest in the judgment, which accrued prior to its date.

It is therefore the order of this court that the judgment shall be modified, so as to eliminate the provision for recovery of interest prior to the date of the judgment, and so as to further provide, in the alternative, for the re-

turn of the property or the payment of its value. In all other respects the judgment shall remain as it now is. Appellant shall recover the costs of the appeal. The cause is remanded, with instructions to proceed as above indicated.

MOUNT, ANDERS, and DUNBAR, JJ., concur.