PARKER, C. J., BRIDGES, and MITCHELL, JJ., concur.

---

[No. 17034. Department Two. July 13, 1922.]

HOWARD PARKER et al., *Appellants,* v. ANNIE C. PARKER, *as Administratrix, Respondent.*[1]

APPEAL (436)—REVIEW—HARMLESS ERROR—JOINDER OF PARTIES. In an action on promissory notes, the misjoinder of an unnecessary party plaintiff is harmless where no new issue was presented or change made in the conduct of the trial.

PLEADING (119)—AMENDMENT OF ANSWER—INCONSISTENT DEFENSES —DEFENDING AS ADMINISTRATRIX OF ESTATE. Where the representative of an estate was justified in pleading that the notes sued on were not executed and lacked consideration, which defenses were found to be untenable, it is proper to allow an amendment pleading payment, where no continuance was asked or surprise claimed.

BILLS AND NOTES (115)—HUSBAND AND WIFE (61)—GIFTS—PAYMENT OF NOTES—EVIDENCE. The husband's right to manage and control community personal property does not authorize him to make a gift without the wife's consent; hence evidence that the husband gave $2,000 of community money and bonds to the holder of his notes for $2,000 overcomes the presumption of nonpayment of the notes from the fact that they were not surrendered to the maker.

Appeal from a judgment of the superior court for King county, Hall, J., entered December 5, 1921, upon

Reported in 207 Pac. 1062.

findings in favor of the defendant, in an action on promissory notes, tried to the court. Affirmed.

*J. L. Corrigan* and *Million & Houser,* for appellants.
*Shank, Belt & Fairbrook,* for respondent.

Mackintosh, J.—This action was originally brought by Howard Parker against the estate of his deceased uncle to recover upon two promissory notes for $1,000 each, given by the uncle to Katie M. Parker, the uncle's sister, and mother of Howard Parker. The notes were assigned to Howard Parker for collection. The answer of the estate to the complaint denied the execution of the notes and plead lack of consideration. By order of the court, Katie M. Parker was made a party plaintiff. After the introduction of the plaintiff's case upon the trial, the estate was given permission to change its answer so as to allege payment of the notes.

The first assignment of error is that the court was wrong in compelling the joining of Katie M. Parker as plaintiff in this action. Assuming that this was erroneous, it did not necessarily prejudice the plaintiff's case, as it presented no new issue and did not change the conduct of the trial in any manner. This being true, it presents no sufficient reason for the granting of a new trial.

It is next urged that it was error to allow the amendment to the answer, on the ground that the amendment presented a defense which was inconsistent with that presented in the first answer, and the case of *Seattle Nat. Bank v. Carter,* 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, is cited. While it is true that inconsistent defenses are not sanctioned, still, in this case, we have a peculiar situation which would seem to justify the relaxing of so rigid a rule. It is to be remembered that the defendant in the case is a representative of the

estate, unfamiliar with the transaction, and was justi-
fied in pleading that the notes were not executed and
lacked consideration, and when the proof developed
that these defenses were untenable, she was justified
in pleading the other defense of payment. No con-
tinuance was asked on the ground of surprise. The
plaintiffs were not prejudiced in the presentation of
what evidence was necessary to sustain their conten-
tion, or to answer the defense finally made by the ad-
ministratrix. A person acting as administratrix of an
estate in defense of an action of this kind may not be
in such full possession of the facts which surrounded
the transaction as would be the parties to it during
their lifetime, and the rigid rule we have referred to
is properly relaxed in such case.

In proof of the defendant's plea of payment, evi-
dence was introduced that showed that, prior to the
death of Joseph H. Parker, he gave to his sister $1,500
in cash and $500 in liberty bonds, which the adminis-
tratrix claims were in payment of the two notes for
$1,000 each, relying upon the presumption that money
transferred from one person to another is presumed
to be in payment of an obligation between them, where
there is no evidence of the intention of the parties, and
that this presumption is particularly strong when the
amount transferred equals the amount of the indebted-
ness. The plaintiffs sought to offset this presumption
by another which arises by reason of the fact that the
promissory notes are still in their possession, these
facts giving rise to the presumption that they are not
paid.

With these contrary presumptions in the case, testi-
mony was introduced on behalf of the plaintiffs from
an attorney as to conversations with Joseph H. Parker,
in which he stated that he had made a gift to his sister
of these $1,500 in cash and the liberty bonds in the

amount of $500. The testimony was objected to for the reason that it constituted a privileged communication between attorney and client and was therefore inadmissible. The evidence, however, shows that the attorney was acting both for Katie M. Parker and Joseph H. Parker. Authorities are not lacking to support the position that communications made to an attorney acting for different clients are not privileged in a subsequent controversy between the clients, and the case of *Halffman v. Halffman,* 113 Wash. 320, 194 Pac. 371, is cited to that point. The authorities upon this question agree that, where the communications were made between such parties in the presence of the attorney and each other they are not privileged, which was the situation in the *Halffman* case, but there is some difference of opinion as to whether they are admissible when made between one of the parties alone and the attorney. But this question becomes unimportant in the case before us in view of what we will subsequently have to say, and it may be assumed that the testimony was properly admissible, and that the gift was satisfactorily proven.

This brings us to the question which determines this case against the contention of the appellants, and that is that Joseph H. Parker was not authorized to make such a gift. The testimony shows that Joseph H. Parker had been married for a great number of years, and that the $1,500 in cash and the $500 in liberty bonds were acquired by him after marriage. The presumption therefore arises that this was community personal property. *Yesler v. Hochstettler,* 4 Wash. 349, 30 Pac. 398; *Freeburger v. Caldwell,* 5 Wash. 769, 32 Pac. 732; *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819, and many other cases following. This presumption is not overcome in any way by any proof on behalf of the appellant. The law which gives the husband the man-

agement and control of the community personal property does not give him the right to make substantial gifts thereof against the consent of the wife. As was said in *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634:

"the statute . . . intends no more than to make him a statutory agent of the community."

Not having the consent of his wife—the record, in fact, disclosing that she would not consent thereto—the rule established in *Marston v. Rue,* 92 Wash. 129, 159 Pac. 111, is applicable and the gift must be held to have been void. If the testimony had shown that this sum of $2,000 which was attempted to be given by Joseph H. Parker to his sister could have been deducted from his share of the community property a different situation might be presented. However, there is no testimony in this case showing what the value of Parker's community interest was, and it being necessary to decide this action upon the facts presented in this record, we cannot supply this deficiency and must hold that the gift was void. The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.