JOHN HENRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE. RESPONDENT.

Docket No. 6375. Promulgated February 10, 1927.

1. On the evidence *held* that husband and wife were domiciled in the State of Washington during the taxable year.

2. Under the statutes of Washington a wife has a vested interest in community property, and where the husband reported one-half of the income from community property as taxable to him the Commissioner is precluded by section 1212 of the Revenue Act of 1926 from taxing the whole of such income to the husband.

*Ralph W. Smith, Esq.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1923 in the amount of $1,429.69. The questions for decision are whether the petitioner was domiciled in California or Washington during the year 1923 and whether the income from community property acquired while residing in the latter State was correctly reported by dividing such income between petitioner and his wife. The entire deficiency arises from the action of the Commissioner in increasing petitioner's income by the amount theretofore reported by his wife.

FINDINGS OF FACT.

The petitioner is an individual and during the calendar year 1923 resided in California. He resided in the State of Washington from April, 1901, to August 21, 1921. On the latter date he and his wife went to California for the primary purpose of visiting relatives. They have ever since remained in the latter State and since August, 1922, the petitioner has engaged in business there. At the time of leaving the State of Washington the petitioner owned certain property there, including a residence occupied by himself and his family. He still retains all of that property.

Since leaving the State of Washington the petitioner and his wife have always intended to return. The petitioner has never voted in any local, State, or presidential election in the State of California.

The petitioner and his wife were married in Seattle, Wash., in 1902. At that time neither of them possessed any property and since then neither has acquired any property by gift or devise. The property owned in 1923, and from which income was received, was acquired by the joint efforts of petitioner and his wife during coverture and while both resided in and were domiciled in the State of Washington.

For the calendar year 1923 the petitioner and his wife filed separate returns. In the petitioner's return he reported the income from his business in California as his separate income, and reported one-half the income from property acquired while residing in Washington on the ground that such income was income from community property. The petitioner's return was filed with the collector of internal revenue for the sixth district of California.

OPINION.

ARUNDELL: The evidence satisfies us that the petitioner's domicile was in the State of Washington during the calendar year 1923. When the petitioner went to California he had no intention of remaining, and during and prior to the period here involved he had not abandoned his intention of returning to Washington. The general rule as to loss of domicile at one place and the acquisition at another is stated in 9 R. C. L. 542, as follows:

The general rule is that domicil is changed from one place to another, or one state to another, only by the abandonment by a person of his first place of domicil with the intention not to return, and by taking up his residence in another place with the intention of permanently residing in that place.

The rule is stated in 19 C. J. 401, as follows:

Domicile of choice is entirely a question of residence and intention, or, as it is usually put, of factum and animus. Both must concur in order that the domicile may be deemed established.

All of the property which was the source of the income here involved was acquired while petitioner and his wife were domiciled in the State of Washington. A part of it was personal property and part real property located in that State. In this situation the respective rights of the spouses in this case in both their real and personal property must be determined in the light of the laws of Washington.

It seems clear that there is a presumption arising under the laws of the State of Washington that all property acquired by either spouse during coverture is community property. *Hill* v. *Gardner*, 35 Wash. 529; 77 Pac. 808, and cases there cited, and the more recent case of *Parker* v. *Parker*, 121 Wash. 24; 207 Pac. 1062. No evidence has been introduced to rebut this presumption. As the petitioner and his wife were domiciled in the State of Washington during the taxable year and the income in question was from property acquired during coverture and while both were residents of and domiciled in that State, our inquiry is limited to the question of whether the action of the petitioner in dividing the income from such property between himself and his wife for income-tax purposes is permitted under the revenue acts.

The pertinent section of the Revenue Act is section 1212 of the Revenue Act of 1926, which reads as follows:

Income for any period before January 1, 1925, of a marital community in the income of which the wife has a vested interest as distinguished from an expectancy, shall be held to be correctly returned if returned by the spouse to whom the income belonged under the State law applicable to such marital community for such period. Any spouse who elected so to return such income shall not be entitled to any credit or refund on the ground that such income should have been returned by the other spouse.

The decision depends, therefore, upon whether under the laws of Washington the wife has a vested interest in the community income.

The statutes of Washington (Remington's Comp. Stats., 1922), after defining what constitutes the separate property of the husband (section 6890), and the separate property of the wife (section 6891), provide as follows:

§6892. [5917.] Community Property Defined—Husband's Control of Personalty. Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of

his separate personal property, except he shall not devise by will more than one-half thereof.

§6893. [5918.] Community Realty, Conveyance of, etc. The husband has the management and control of the community real property, but he shall not sell, convey, or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed, or encumbered, and such deed or other instrument of conveyance must be acknowledged by him and his wife: Provided, however, that all such community real estate shall be subject to the liens of mechanics and others for labor and materials furnished in erecting structures and improvements thereon as provided by law in other cases, to liens of judgments recovered for community debts, and to sale on execution issued thereon.

In an early case, *Holyoke* v. *Jackson*, 3 Wash. Ter. 235; 3 Pac. 841, it is said of the marital community that—

In it, the proprietary interests of husband and wife are equal, * * *. Management and disposition may be vested in either one or both of the members. If in one, then that one is not thereby made the holder of larger proprietary rights than the other, but is clothed in addition to his or her proprietary rights, with a bare power in trust for the community.

The case of *Marston* v. *Rue*, 92 Wash. 129; 159 Pac. 111, was a suit by the husband to recover an automobile which had been sold by the wife. After sustaining the finding of the lower court that the automobile was community property, the court in its opinion said:

Now, a wife's rights in family personalty are not of the contingent sort, like dower or survivorship, but a present estate. True, by our statute the husband is made manager, with full power to sell and dispose of this. But it does not follow that he can give it away. He is, so to speak, only the head of a firm. The personal property is just as much hers as his. * * * Her property right in it is as great as his.

The case of *Schramm* v. *Steele*, 97 Wash. 309; 166 Pac. 634, 637, describes the rights of husband and wife in community personal property as follows:

To hold that the whole substance of the term "Community property" as applied to personalty consists in a mere contingent expectancy of the wife would make of the term "community personal property" a palpable misnomer. It would take away every community element except the fact that the wife's labors and sacrifices had helped to earn it. It would destroy that equality which it is the obvious purpose of our community property law to conserve. These considerations make it plain that the statute, in conferring upon the husband the management and control of the community property, though giving him the absolute power of disposition of community personalty, intends no more than to make him the statutory agent of the community. *Marston* v. *Rue*, 92 Wash. 129, 159 Pac. 111.

That part of the decision in *Schramm* v. *Steele, supra,* holding the husband to be no more than a statutory agent of the community, is followed in *Parker* v. *Parker,* 121 Wash. 24; 207 Pac. 1062, and *Stevens* v. *Naches State Bank,* 136 Wash. 137; 238 Pac. 918, 920.

These decisions of the Washington courts indicate a recognition in that State of a rule of property under which the wife's interest in community property is regarded as a present vested right. This being so, and the petitioner having returned the community income for 1923 as being taxable to him only upon his one-half thereof, the Commissioner, in view of section 1212 of the Revenue Act of 1926, may not now tax the whole of such income to the husband.

No issue is raised as to the income from the petitioner's business enterprise in California which he reported as his own income, and we express no opinion as to the correctness of the method of reporting that income.

*Judgment will be entered for the petitioner.*