JUAN F. BRITTINGHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JUAN G. BRITTINGHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13557, 16535, 18435, 18535. Promulgated September 13, 1928.

*Zach Lamar Cobb, Esq.,* for the petitioners.
*Clark T. Brown, Esq.,* for the respondent.

378

OPINION.

MARQUETTE: There is but one question involved in these four proceedings, viz: Did the respondent err in refusing to allow the petitioners and their wives to make separate returns of community income?

The record shows that the decree of President Carranza, in 1917, abolishing the community system of property was not applicable to the State of Durango until the people of that State adopted it; the record also shows that the State of Durango had not adopted the Carranza decree either before, or during any of the taxable years. The decree, therefore, does not affect Mexican citizens living in Durango.

The petitioners, although not citizens of Durango, reside there. By the law of Durango, their domicile, marriage is considered a conjugal partnership. By the same laws the husband is the legal manager of this partnership. He has charge of its affairs and is to conduct them. The wife has nothing to do with such management, except when an agreement or judgment so provides. This gives the husband a status, relative to the conjugal property, which is closely analogous to that of the husband under the laws of Louisiana and of

Texas. In both these States the courts have decided that the wife has a present, vested interest in the community property.

The case of *Zemurray* v. *United States*, decided February 20, 1928, 64 Ct. Cls. 769, involved the community property law of Louisiana. The husband had made a single return as to all income of himself and wife; later, he sought to amend by filing separate returns, each spouse claiming one-half of the income. This was denied, the court holding that, as the husband had full power of management of the community gains, including power to dispose of them, he might lawfully choose to make one single income-tax return and pay the taxes due thereon. The court cites *United States* v. *Robbins*, 269 U. S. 315, and thinks that it applies in the *Zemurray* case in this, viz: that, regardless of the nature of the wife's interest, the Government could tax the income in the husband's hands. But the *Zemurray* case, in its facts, is clearly distinguishable from the cases now before us.

The *Robbins* case was decided January 4, 1926. On February 26, 1926, there went into effect a new revenue act, section 1212 of which reads:

SEC. 1212. Income for any period before January 1, 1925, of a marital community in the income of which the wife has a vested interest as distinguished from an expectancy, shall be held to be correctly returned if returned by the spouse to whom the income belonged under the State law applicable to such marital community for such period. Any spouse who elected so to return such income shall not be entitled to any credit or refund on the ground that such income should have been returned by the other spouse.

This Board has had occasion to consider the effect of that statute; and in *R. W. Ramming*, 6 B. T. A. 188, it was held that the section above quoted precluded the respondent from taxing to the husband, living in Texas, the entire income of the community, it appearing that under Texas laws the wife's interest was vested rather than contingent. We think the present proceedings are in the same circumstance. The Texas statute, article 4622, provides that:

All property acquired by either husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only.

This expression is much stronger, with respect to the husband's dominion over the community property, than the laws of Durango. It would seem, therefore, that, having decided that a wife takes a vested interest under the Texas law, she would likewise have a vested interest under the more favorable law of Durango. Having such a vested interest, section 1212 of the 1926 Revenue Act precludes the respondent from refusing the separate returns of the petitioners and

380

their wives. See also *John Henry*, 6 B. T. A. 131; *G. D. Rigsby*, 6 B. T. A. 194.

As the deficiency is based solely on the question of the separate returns, we must hold that no deficiency exists.

Reviewed by the Board.

*Judgment will be entered for the petitioners.*