[No. 94-40843-3. Division Three. March 24, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. THURMAN HENRY, *Appellant*.

---

G. *Wm. Baker* (of *Gavin, Robinson, Kendrick, Redman &
Mays*), for appellant.

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Cameron Hopkins, Deputy,* for respondent.

GREEN, J.—Defendant, Thurman Henry, appeals from a
conviction of taking a motor vehicle without permission of
the owner, in violation of RCW 9.54.020. He contends the
evidence was insufficient to support the conviction.

Construing the evidence most favorably to the state, the
record discloses that on October 4, 1968, at approximately
4:45 a.m., Washington State Trooper Swanson discovered a
1967 white Chevrolet sedan parked alongside state High-
way 220. The officer placed his hand on the hood of the
automobile and determined the vehicle was still warm, in-
dicating it had recently been driven. Defendant was lying
or slumped behind the steering wheel; he was either asleep
or unconscious; he was wearing a bloody T-shirt; a bottle
of beer was in one hand and a stone in the other.

The officer aroused defendant by tugging on his pants
and thereupon arrested him for being drunk in public. Al-
though drunk, the defendant appeared coherent and under-
stood questions asked him by the officer. He told the officer
he obtained the vehicle from someone named "Yallup."

On the morning of October 4, Matthews Motors employ-
ees discovered that the 1967 white Chevrolet sedan had
been stolen from their used car lot in Wapato. Abandoned
on the Matthews used car lot was a Rambler automobile
owned by one Uchida. Uchida's vehicle had been stolen
from him on or about October 3 or 4. The keys to the
Uchida Rambler were found in defendant's pocket at the
time of his arrest. There was testimony that Matthews
Motors had five sets of keys to the vehicle. The testimony
showed that one set of keys was found in the 1967 Chevro-
let sedan; four sets were still at Matthews Motors.

Defendant did not testify. No witness was called to establish defendant's statement that the car in which he was found belonged to Yallup.

■ First, defendant contends there was insufficient evidence to establish a taking of the vehicle as defined in the court's instructions as follows:

> To constitute a "taking", as that term is used in the statute, the person charged must have obtained at some particular moment, the *complete, independent and absolute possession and control of the thing* desired, adverse to the rights of the owner thereof. If the possession and control of the taker becomes *absolute at any moment,* the duration of his power over the thing taken is immaterial. If it is exercised, even for the smallest appreciable length of time, the "taking" is complete and effectual, although the person charged immediately abandons, returns or loses possession of it.

(Italics ours.) Defendant contends there was insufficient proof that defendant at any time had complete and absolute possession and control of the 1967 Chevrolet.

> The rule as stated in *State v. Douglas, supra* [71 Wn.2d 303, 428 P.2d 535 (1967)], and *State v. Portee, supra* [25 Wn.2d 246, 170 P.2d 326 (1946)], is that possession of recently stolen property in connection with "slight corroborative evidence of other inculpatory circumstances tending to show guilt," is sufficient to convict.

*State v. Green,* 2 Wn. App. 57, 466 P.2d 193 (1970).

It seems clear that the evidence went beyond bare possession and was corroborated by other inculpatory circumstances tending to show guilt sufficient to convict. When defendant was discovered by the officer, he stated that he had obtained the car from someone named "Yallup", thereby inferentially admitting possession and control of the vehicle; he was slumped or lying behind the steering wheel; the car was still warm; the keys to the stolen Uchida Rambler parked on Matthews Motors' lot were found in his pocket; and there was evidence the vehicle was taken from Matthews Motors without permission. At trial, there was no evidence adequately explaining defendant's right to

possession, permission to use, or ownership of the vehicle. There was sufficient evidence for the jury to conclude that defendant was at Matthews Motors and took the car without the permission of the owner.

▓ Second defendant contends the information alleged the serial number of the automobile but that the State failed in its evidence to prove this serial number. Since this contention was not raised in the trial court, it cannot be raised on appeal. *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969). In any event, counsel conceded during argument there was no dispute as to the identity of the vehicle.

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.