[No. 1478-2. Division Two. February 20, 1976.]

SUSAN SEIDLER, *Appellant*, v. ROBERT L. HANSEN, ET AL, *Respondents*.

*Glenn Abraham* and *W. D. Palmer, Sr.*, for appellant.

*George R. Stege III* (of *Benson, Chadwick, Stege & Wines*), for respondents.

PEARSON, J.—The action in this case was triggered in October of 1970 when defendants levied upon a truck and camper to satisfy a judgment against Dale Brady, son-in-law of the plaintiff Susan Seidler. Mrs. Seidler then instituted proceedings to recover the property under RCW

6.20.010[1] by filing an affidavit alleging the property was hers, together with a supporting letter by Brady, and posting a redelivery bond. The defendants ultimately prevailed at trial and the plaintiff appeals.

Briefly stated, this appeal raises three issues: first, whether the trial court erred in considering additional evidence prior to making its final determination in this action; second, whether the 5-day notice provisions of CR 52(c) are mandatory; and third, whether the trial court erred in its valuation of the property involved in this suit. We will discuss these questions in turn. For the reasons stated below, we find no error.

In April 1972 a proceeding was held to decide the ownership of the truck and camper. At this time the defendants attempted to show that Brady was the actual owner of the property, but had put title to the assets in the plaintiff in order to avoid levy by his creditors. Brady, who was the only witness at this proceeding, denied any interest in the property. Based primarily on this denial, the trial court orally ruled defendants had failed to prove Brady was the actual owner of the truck and camper and tentatively held in favor of the plaintiff. No written findings of fact, conclusions of law, or judgment were entered at this time.

In April 1974 the defendant Luella Carlson[2] filed a motion for reconsideration and for entry of findings of fact, conclusions of law, and judgment in her favor. Plaintiff received proper notice of the motions, to which exhibits

---

[1]RCW 6.20.010 provides:

"When any other person than the judgment debtor shall claim property levied upon or attached, he may have the right to demand and receive the same from the sheriff or other officer making the attachment or levy, upon his making an affidavit that the property is his, or that he has a right to the immediate possession thereof, stating on oath the value thereof, and giving to the sheriff or officer a bond, with sureties in double the value of such property, conditioned that he will appear in the superior court of the county in which the property was seized, within ten days after the bond is accepted by the sheriff or other officer, and make good his title to the same, or that he will return the property or pay its value to the said sheriff or other officer."

[2]Mrs. Carlson's husband, a codefendant herein, had died in the period between the two proceedings.

were attached containing additional evidence defendant wanted the trial judge to evaluate on reconsideration, and a request that a $5,000 judgment be entered against the plaintiff. Defendant, however, failed to serve the plaintiff with a copy of her proposed findings of fact and conclusions of law prior to argument of the motions. Over plaintiff's objections, the court received the additional evidence and signed defendant's proposed findings of fact and conclusions of law. Judgment against the plaintiff and her surety was subsequently entered in the amount of $5,000.

Plaintiff assigns error to the trial court's reopening of the case to consider additional evidence on the issue of ownership of the truck and camper. The evidence consisted of a portion of a transcript of Brady's testimony received at the trial of a case unrelated to the present one, occurring subsequent to the trial of the present case. The transcript showed that Brady's testimony in the subsequent case related to the question of ownership of the truck and camper involved in the case at bench. It showed the statements he gave in the subsequent proceeding contradicted those he had given previously in this proceeding. The additional evidence also included the findings of fact and conclusions of law of the trial judge in the subsequent trial. These also related to Brady's credibility.

We note first that a trial court's oral decision has no binding or final effect unless it is formally incorporated into findings of fact, conclusions of law, and judgment. *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963); *Thompson v. Thompson*, 9 Wn. App. 930, 515 P.2d 1004 (1973).

Until a formal judgment is entered, a trial court is free to change its mind, *Fosbre v. State*, 70 Wn.2d 578, 424 P.2d 901 (1967), and the defendant here was free to utilize whatever procedural tactics she deemed appropriate to obtain entry of findings of fact, conclusions of law, and judgment in her favor.

The only objection to admission of the additional evidence raised at trial was that it was irrelevant. We disa-

gree. The issue before the court was the ownership of the truck and camper. At the close of the trial, the trial judge expressed his doubt as to the sufficiency of the evidence to prove Brady was the actual owner of this particular property. The new evidence bore directly on Brady's credibility and convinced the trial court that Brady had lied during his testimony in the 1972 proceeding. Since no formal findings or conclusions had been entered, it was proper for the trial judge and within his discretion to reopen the case and permit further proof on this point. *Sweeny v. Sweeny*, 52 Wn.2d 337, 324 P.2d 1096 (1958); *Bryant v. Vern Cole Realty Co.*, 39 Wn.2d 571, 237 P.2d 487 (1951).

Plaintiff next contends the trial judge erred in signing defendant's proposed findings of fact and conclusions of law, since she had not been served with a copy of them 5 days prior to their presentation.

We note that while the plaintiff made a general objection to the adoption of defendant's proposed findings of fact and conclusions of law because they were contrary to the trial court's oral ruling 2 years earlier, she failed to object to them on the ground that defendant had not timely served her with a copy of the document.

As a general rule, an appellate court will consider only those issues properly presented to the trial court. *State v. Henry*, 2 Wn. App. 166, 467 P.2d 325 (1970); *Christensen v. Hoskins*, 65 Wn.2d 417, 397 P.2d 830 (1964). Failure to afford the trial court the opportunity to rule on asserted error will usually constitute waiver of the right to assert that error on appeal. *State v. Van Auken*, 77 Wn.2d 136, 460 P.2d 277 (1969). In any event, plaintiff's attorney declined an offer by the trial judge and defendant's attorney to continue argument against adoption of the proposed findings and conclusions until later the same day. This conduct constituted an additional manifestation of plaintiff's intention to waive objection to defendant's failure to comply with any time limits required by the court rules. *Cf. Peterson v. David*, 69 Wn.2d 566, 419 P.2d 138 (1966).

Alternatively, we notice plaintiff's objection to de-

fendant's failure to serve her with a copy of the proposed findings and conclusions 5 days prior to their presentation is based on CR 54(f)(2). That section, however, concerns presentation of orders and judgments. We are here concerned with the presentation for signing and entry of findings of fact and conclusions of law, and we believe CR 52(c) to be the more appropriate section. CR 52(c) provides:

> **(c) Presentation.** Unless an emergency is shown to exist, the court shall not sign findings of fact or conclusions of law until the defeated party or parties have received 5 days' notice of the time and place of the submission, and have been served with copies of the proposed findings and conclusions.

Defendant contends the 5-day notice provisions in CR 52(c) require only 5 days' notice of *presentation* of findings of fact and conclusions of law, but do not require service of copies on an adverse party 5 days prior to presentation. Defendant points to no authority in support of her position and we have found no cases discussing this issue. It appears to us, however, that 5 days' notice of presentation would be of small value to a defeated party without also having notice of the contents of the proposed findings of fact and conclusions of law, in order to have time to evaluate them and prepare argument against their adoption. Any other construction of the rule would be unreasonable and we must conclude that the 5-day notice requirement applies both to notice of submission and to service on the adverse party of copies of the proposed findings of fact and conclusions of law.

In the present case, the defendant's motion gave plaintiff actual notice of the additional evidence to be presented and that she was requesting a $5,000 judgment be entered in her favor. In these circumstances, we find plaintiff was not prejudiced by defendant's failure to serve her a copy of the proposed findings and conclusions within the time required by CR 52(c). The motion, including the additional evidence defendant wanted the court to consider, and the request for

a $5,000 judgment in favor of the defendant, specifically apprised the plaintiff of what the contents of the proposed findings and conclusions *would have to be*. Since the plaintiff in this case suffered no prejudice, we do not feel defendant's failure to comply with CR 52(c) requires reversal. *Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 489 P.2d 1142 (1971).

■ Finally, plaintiff challenges the trial court's finding that the value of the truck and camper was $5,000. The terms of plaintiff's redelivery bond and her affidavit and supporting letter of Dale Brady, all filed by the trial court as part of the pleadings, constitute substantial evidence that the value of the truck and camper was $5,000. In addition, these documents are judicial admissions, conclusive on the plaintiff. *McCormick's Law of Evidence* § 263 (2d ed. E. Cleary 1972). The law is clear in this state that a claimant on a redelivery bond is bound by the value stated in the affidavit supporting redelivery of levied property, unless the defendant proves the value to be greater than stated by the plaintiff. *Hill v. Gardner*, 35 Wash. 529, 77 P. 808 (1904); *Peterson v. Woolery*, 9 Wash. 390, 37 P. 416 (1894). The plaintiff here was bound by her affidavit and other pleadings and could not show the value was the lesser amount. *Hill v. Gardner, supra*.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.