[Nos. 7301, 7302.  Decided October 16, 1908.]

ALMA CABLE, *as Administratrix etc., Appellant,* v. SPOKANE & INLAND EMPIRE RAILROAD COMPANY, *Respondent.*[1]

SADIE CABLE, *a Minor, by John H. Marks, her Guardian Ad Litem, Appellant,* v. SPOKANE & INLAND EMPIRE RAILROAD COMPANY, *Respondent.*

RAILWAYS—COLLISION AT CROSSING — CONTRIBUTORY NEGLIGENCE. The driver of an open buggy is guilty of contributory negligence in not stopping to look and listen before driving upon an interurban railway track, precluding any recovery, where it appears that he knew the train was approaching and that the trains were customarily run at high speed, although there were freight cars obstructing the view to some extent and he expected the train to slow down to stop at the station.

SAME—PASSENGER IN A BUGGY.  Where the driver of an open buggy is guilty of contributory negligence in driving upon an interurban railway crossing without stopping to look or listen, his daughter riding with him, seventeen years of age, is likewise subject to the rules that she must "stop, look, and listen," in the absence of a showing that she endeavored to stop the horse or have her father do so, or any attempt on her part to take precaution, or that she was prevented from doing so.

Appeal from judgments of the superior court for Spokane county, Huneke, J., entered October 12, 1907, in favor of the defendant, upon withdrawing issues from the consideration of the jury, dismissing actions for wrongful death and personal injuries, resulting from a collision at a railway crossing. Affirmed.

*Alder C. Clausen* and *Samuel T. Crane,* for appellant, contended, among other things, that the question of deceased's contributory negligence was for the jury, in view of the obstructions to the view and the great speed of the train. *Mackay v. New York Cent. R. Co.,* 35 N. Y. 75; *Kellogg v. New York Cent. etc. R. Co.,* 79 N. Y. 72; *Pennsylvania R.*

[1]Reported in 97 Pac. 744.

*Co. v. Ogier*, 35 Pa. St. 50; *Beisiegel v. New York Cent. R. Co.*, 34 N. Y. 622, 90 Am. Dec. 741; *Bouwmeester v. Grand Rapids etc. R. Co.*, 63 Mich. 557, 30 N. W. 337; *Schaidler v. Chicago etc. R. Co.*, 102 Wis. 564, 78 N. W. 732; *Battishill v. Humphreys*, 64 Mich. 494, 514, 38 N. W. 581; *Knapp v. Sioux City & P. R. Co.*, 65 Iowa 91, 21 N. W. 198, 54 Am. Rep. 1; *Teipel v. Hilsendegen*, 44 Mich. 461, 7 N. W. 82; *Park v. O'Brien*, 23 Conn. 339; *Atchison & N. R. Co. v. Bailey*, 11 Neb. 332, 9 N. W. 50; *Shaber v. St. Paul etc. R. Co.*, 28 Minn. 103, 9 N. W. 575; *Abbett v. Chicago etc. R. Co.*, 29 Minn. 482, 16 N. W. 266; *Mares v. Northern Pac. R. Co.* (N. D.), 21 N. W. 5; *Randall v. Northwestern Tel. Co.*, 54 Wis. 140, 11 N. W. 419, 41 Am. Rep. 17; *Bohan v. Milwaukee etc. R. Co.*, 58 Wis. 30, 15 N. W. 801; *Townley v. Chicago etc. R. Co.*, 53 Wis. 626, 11 N. W. 55; *Ireland v. Oswego etc. Plank Road Co.*, 13 N. Y. 526. Acts, whether negligent or otherwise, induced by the negligence of respondent of which they are presumed to be cognizant, cannot avail respondent of the doctrine of contributory negligence. *Romick v. Chicago etc. R. Co.*, 62 Iowa 167, 17 N. W. 458; *Palmer v. Detroit etc. R. Co.*, 56 Mich. 1, 22 N. W. 88; *Laverenz v. Chicago etc. R. Co.*, 56 Iowa 689, 10 N. W. 268; *Northern Pac. R. Co. v. Holmes*, 3 Wash. Terr. 202, 14 Pac. 688; *Id.*, 3 Wash. Terr. 543, 18 Pac. 76; *Railway Co. v. Whitton's Adm'r*, 13 Wall. 270, 20 L. Ed. 571; *Continental Improvement Co. v. Stead*, 95 U. S. 161, 24 L. Ed. 403. The negligence of a parent cannot be imputed to the child in an action brought for the benefit of the child and not for the benefit of the parent. *Roth v. Union Depot Co.*, 13 Wash. 525, 43 Pac. 641; *Eskildsen v. Seattle*, 29 Wash. 583, 70 Pac. 64. There can be no imputed negligence when a person riding in a vehicle has no control of either team or driver. *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Follman v. Mankato*, 35 Minn. 522, 29 N. W. 317, 59 Am. Rep. 340; 7 Am. & Eng. Ency. Law (2d ed.), p. 488. The minor child may rely on the care of the parent, without being guilty of contribu-

tory negligence.   16 Am. & Eng. Ency. Law (2d ed.), pp. 307, 309; 21 *Id.* 1049.

*Graves, Kizer & Graves,* for respondent, contended, *inter alia,* that in the absence of any statute or ordinance upon the subject no rate of speed is negligence *per se.*   Elliott, Railroads, § 1160; *Custer v. Baltimore & O. R. Co.,* 206 Pa. St. 529, 55 Atl. 1130; *Parkerson v. Louisville & N. R. Co.,* 25 Ky. Law 2260, 80 S. W. 468; *New York etc. R. Co. v. Kistler,* 66 Ohio St. 326, 64 N. E. 130.   The speed of the train was not the proximate cause.   *The Clara,* 55 Fed. 1021; *Block v. Milwaukee St. R. Co.,* 89 Wis. 371, 61 N. W. 1101, 46 Am. St. 849, 27 L. R. A. 365; *Bitting v. Maxatawny Township,* 177 Pa. St. 213, 35 Atl. 715; *Huber v. La Crosse City R. Co.,* 92 Wis. 636, 66 N. W. 708, 53 Am. St. 940, 31 L. R. A. 583; *Texas & Pac. R. Co. v. Reed,* 88 Tex. 439, 31 S. W. 1058; *Davis v. Chicago etc. R. Co.,* 93 Wis. 470, 67 N. W. 16, 1132, 57 Am. St. 935, 33 L. R. A. 654; *Berry v. Borough of Sugar Notch,* 191 Pa. St. 345, 43 Atl. 240; *Daniels v. Ballantine,* 23 Ohio St. 532, 13 Am. Rep. 264; *Rodgers v. Missouri Pac. R. Co.,* 75 Kan. 222, 88 Pac. 885, 121 Am. St. 416, 10 L. R. A. (N. S.) 658; *McClary v. Sioux City etc. R. Co.,* 3 Neb. 44, 19 Am. Rep. 631.   The deceased was guilty of contributory negligence in not stopping to look and listen.   *Woolf v. Washington R. & Nav. Co.,* 37 Wash. 491, 79 Pac. 997; 2 Thompson, Negligence, §§ 1641, 1656; *Phillips v. Detroit etc. R. Co.,* 111 Mich. 274, 69 N. W. 496, 66 Am. St. 392; *Sulder v. Pennsylvania R. Co.* (N. J.), 56 Atl. 124; *Griffin v. Chicago etc. R. Co.,* 68 Iowa 638, 27 N. W. 792; *Merkle v. New York etc. R. Co.,* 49 N. J. L. 473, 9 Atl. 680; *Golinvaux v. Burlington etc. R. Co.,* 125 Iowa 652, 101 N. W. 465; *Colorado etc. R. Co. v. Thomas,* 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681; *Keyley v. Central R. Co.,* 64 N. J. L. 355, 45 Atl. 811; *Louisville etc. R. Co. v. French,* 69 Miss. 121, 12 South. 338; *Allen v. Maine Cent. R. Co.,* 82 Maine 111, 19 Atl. 105; *Cincinnati etc. R. Co. v. Howard,*

124 Ind. 280, 24 N. E. 892, 19 Am. St. 96, 8 L. R. A. 593; *Seefeld v. Chicago etc. R. Co.,* 70 Wis. 216, 35 N. W. 278, 5 Am. St. 168; *Pennsylvania R. Co. v. Beale,* 73 Pa. St. 504, 13 Am. Rep. 753; *Schaefert v. Chicago etc. R. Co.,* 62 Iowa 624, 17 N. W. 893; *Mantel v. Chicago etc. R. Co.,* 33 Minn. 62, 21 N. W. 853; *Haas v. Grand Rapids etc. R. Co.,* 47 Mich. 401, 11 N. W. 216; *Chicago etc. R. Co. v. Crisman,* 19 Colo. 30, 34 Pac. 286; *Central R. Co. v. Smalley,* 61 N. J. L. 277, 39 Atl. 695; *Criss v. Seattle Electric Co.,* 38 Wash. 320, 80 Pac. 525; *Coats v. Seattle Electric Co.,* 39 Wash. 386, 81 Pac. 830; *Davis v. Coeur d'Alene & Spokane R. Co.,* 47 Wash. 301, 91 Pac. 839; *Anson v. Northern Pac. R. Co.,* 45 Wash. 92, 88 Pac. 1058; *Baker v. Tacoma Eastern R. Co.,* 44 Wash. 575, 87 Pac. 826; *Cooney v. Great Northern R. Co.,* 9 Wash. 292, 37 Pac. 438.  The circumstances of the case did not excuse the deceased from stopping to look and listen.  *Schofield v. Chicago etc. R. Co.,* 8 Fed. 488; *Hattcher v. McDermott,* 103 Md. 78, 63 Atl. 214; *Bush v. Union Pac. R. Co.,* 62 Kan. 709, 64 Pac. 624; *Durbin v. Oregon R. & Nav. Co.,* 17 Ore. 5, 17 Pac. 5, 11 Am. St. 778; *Judson v. Great Northern R. Co.,* 63 Minn. 248, 65 N. W. 447; *Toledo etc. R. Co. v. Jones,* 76 Ill. 311; *Smith v. Wabash R. Co.,* 141 Ind. 92, 40 N. E. 270; *Ward v. Richmond etc. R. Co.,* 43 Fed. 422; *Horn v. Baltimore etc. R. Co.,* 54 Fed. 301; *Blount v. Grand Trunk R. Co.,* 61 Fed. 375; *Reynolds v. Great Northern R. Co.,* 69 Fed. 808; *Pyle v. Clark,* 79 Fed. 744; *Louisville etc. R. Co. v. Webb,* 90 Ala. 185, 8 South. 518, 11 L. R. A. 674; *Little Rock etc. Co. v. Cullen,* 54 Ark. 431, 16 S. W. 169; *Glascock v. Central Pac. R. Co.,* 73 Cal. 137, 14 Pac. 518; *Mann v. Belt R. & Stock-Yard Co.,* 128 Ind. 138, 26 N. E. 819; *Oleson v. Lake Shore etc. R. Co.,* 143 Ind. 405, 42 N. E. 736, 32 L. R. A. 149; *Hunter v. Montana Cent. R. Co.,* 22 Mont. 525, 57 Pac. 140; *Blackburn v. Southern Pac. R. Co.,* 34 Ore. 215, 55 Pac. 225; *Day v. Boston etc. R. Co.,* 97 Maine 528, 55 Atl. 420, *Barnhill v. Texas & Pac. R. Co.,* 109 La. 43, 33 South. 63; *Vincent v. Morgan's etc. R. Co.,*

48 La. Ann. 933, 20 South. 207; *Brown v. Texas & Pac. R. Co.*, 42 La. Ann. 350, 7 South. 682; *Dascomb v. Baltimore etc. R. Co.*, 27 Barb. 221; *Salter v. Utica etc. R. Co.*, 75 N. Y. 273; *Brinker v. Michigan Cent. R. Co.*, 121 Mich. 283, 80 N. W. 28. A passenger in a vehicle driven by another is also in duty bound to stop, look and listen. *Brickell v. New York Cent. etc. R. Co.*, 120 N. Y. 290, 24 N. E. 449, 17 Am. St. 648; *Aurelius v. Lake Shore etc. R. Co.*, 19 Ind. App. 584, 49 N. E. 857; *Lake Shore etc. R. Co. v. Boyts*, 16 Ind. App. 640, 45 N. E. 812; *Fechley v. Springfield Traction Co.*, 119 Mo. App. 358, 96 S. W. 421; *Dean v. Pennsylvania R. Co.*, 129 Pa. St. 514, 18 Atl. 718, 15 Am. St. 733, 6 L. R. A. 143; *Illinois Cent. R. Co. v. McLeod*, 78 Miss. 334, 29 South. 76, 84 Am. St. 630, 52 L. R. A. 954; *Township of Crescent v. Anderson*, 114 Pa. 643, 8 Atl. 379, 60 Am. Rep. 367; *Colorado etc. Co. v. Thomas, supra; Hoag v. New York etc. R. Co.*, 111 N. Y. 199, 18 N. E. 648; *Miller v. Louisville etc. R. Co.*, 128 Ind. 97, 27 N. E. 339, 25 Am. St. 416; *Cincinnati etc. R. Co. v. Howard*, 124 Ind. 280, 24 N. E. 892, 19 Am. St. 96, 8 L. R. A. 593; *Smith v. Maine Cent. R. Co.*, 87 Maine 339, 32 Atl. 967; *Meenagh v. Buckmaster*, 26 App. Div. 451, 50 N. Y. Supp. 85; *Thompson v. Pennsylvania R. Co.*, 215 Pa. St. 113, 64 Atl. 323; *Holden v. Missouri R. Co.*, 177 Mo. 456, 76 S. W. 973; *Brannen v. Kokomo etc. Gravel Road Co.*, 115 Ind. 115, 17 N. E. 202, 7 Am. St. 411; *Dryden v. Pennsylvania R. Co.*, 211 Pa. St. 620, 61 Atl. 249; *Chicago etc. R. Co. v. Bentz*, 38 Ill. App. 485; *City of Vincennes v. Thuis*, 28 Ind. App. 523, 63 N. E. 315; *Missouri etc. R. Co. v. Bussey*, 66 Kan. 735, 71 Pac. 261; *Galveston etc. R. Co. v. Kutac*, 72 Tex. 643, 11 S. W. 127; *Hajsek v. Chicago etc. R. Co.*, 68 Neb. 539, 94 N. W. 609, 5 Neb. (Unof.) 67, 97 N. W. 327; *Louisville & N. R. Co. v. Molloy's Adm'x*, 28 Ky. Law 1113, 91 S. W. 685. It is the fact of immaturity, not of minority, that determines the degrees of care required. 1 Labatt, Master and Servant, § 20. A minor of the age of this daughter is charged with the duty to look

and listen. *Judson v. Great Northern R. Co.*, 63 Minn. 248, 65 N. W. 447; *Bush v. Union Pac. R. Co.*, 62 Kan. 709, 64 Pac. 624; *Central R. & Banking Co. v. Phillips*, 91 Ga. 526, 17 S. E. 952; *Central R. & Banking Co. v. Golden*, 93 Ga. 510, 21 S. E. 68; *Tucker v. New York Cent. etc. R. Co.*, 124 N. Y. 308, 26 N. E. 916, 21 Am. St. 670; *Zlotovsky v. Twenty-third St. R. Co.*, 8 Misc. Rep. 463, 28 N. Y. Supp. 661; *Merryman v. Chicago etc. R. Co.*, 85 Iowa 634, 52 N. W. 545; *Carson v. Chicago etc. R. Co.*, 96 Iowa 583, 65 N. W. 831; *Shelley v. Austin*, 74 Tex. 608, 12 S. W. 753.

Root, J.—These two actions arose out of the same occurrence, and may be disposed of in one opinion. One was an action brought by Alma Cable, as administratrix of the estate of Rufus E. Cable, who was killed by a collision with the cars of the respondent at an interurban railway crossing, and the other was by Sadie Cable, a minor, brought by her guardian for injuries sustained at the time of said accident. Each case was withdrawn from the jury, and judgment of dismissal entered by the court.

The facts were about these: Respondent operates an electric railway between Spokane, Washington, and Cœur d'Alene, Idaho. Upon its line is a station known as Spokane Bridge, located eighteen miles east of Spokane. Rufus Cable lived near this station. On the day of the accident he was to take his daughter, appellant Sadie Cable, aged seventeen years, to this station, where she was to board the train of respondent for Spokane. The train which caused the accident is known as the "Flyer," and does not make stops at this station. On the day in question it was late, and a special had gone by somewhere near the time that the Flyer usually passed Spokane Bridge. Prior to the coming of the train, Cable and two daughters and another person were driving about the neighborhood in an open buggy. When the train was about half a mile from the station of Spokane Bridge, these people were in their buggy visiting with a neighbor

about one-sixth of a mile from the crossing, which crossing is about one hundred and seventy-five feet west of the station. The train was coming from the east. ·Decedent and his party supposed it was a local train which made stops at this station, and they immediately drove toward the station in order that the young lady might board the train. They drove at a brisk trot until the horse was nearly to the track, when it slowed into a walk, and at this moment reared and, as it came down, struck against the side of one of the three cars of the train, which at that moment dashed by. Rufus Cable received injuries from which he died next day, and the appellant Sadie Cable was seriously injured.

Appellants claim that the people in the buggy supposed the train to be the local, and that it would stop at the station. Sadie Cable testifies that she looked when they were some distance from the crossing, and did not see the train coming. There was evidence of the presence of certain freight cars upon the side track, and of certain buildings, cord wood, and small trees which, to a certain extent, obscured the view. The evidence showed, however, that all these parties knew that the train was coming and that, if the horse had been stopped shortly before reaching the track, they could have both heard and seen the approaching train.

It is contended by appellants that respondent was negligent in running its train at too high a speed, and in not whistling or sounding bells or otherwise giving suitable warning of its approach. There was considerable conflict in the evidence as to these matters, but assuming that the railway company was negligent, we will take up the question of contributory negligence, which formed the basis of the trial court's action in dismissing the cases. From the evidence introduced by appellants we can see no escape from the conclusion that the decedent and his daughter, one of the appellants herein, were chargeable with contributory negligence. It is the rule in this as in most states that a person about to cross the track

40—50 wash.

of a steam railway must stop, look and listen, unless the conditions be such that to do so would avail nothing. The observations and experience of mankind with reference to this class of accidents have led the courts to announce and observe this rule as an appropriate measure of the degree of care and prudence necessary to relieve a person from the charge of negligence, when about to go upon so dangerous a place as the crossing of a railway. We think the same rule applies to an interurban electric railway upon which trains are customarily operated at a high speed. These people did not stop before crossing the railway track. Had they done so shortly before reaching the crossing, they could plainly have seen and heard the approaching train. If they looked or listened, it was not at a time or place where looking or listening revealed to them the true condition of affairs. If, as contended by appellants, there were box cars or other obstructions which obscured the view until decedent and companions were within a short distance of the track, it would seem that this fact should have impressed them with the greater necessity of stopping to look and listen before emerging from behind said obstructions and going upon the track, especially as they had already seen the train coming. It seems to us that this deplorable catastrophe was a result of the people in the buggy taking it for granted that the train was to stop at the station, when as a matter of fact it was a train that did not make stops at said station and passed through on this occasion as on all others, without stopping.

There is a suggestion that the appellant Sadie Cable is not chargeable with contributory negligence, even though her father may have been, inasmuch as she was not driving the horse and had no control thereover. Ordinarily where one rides in a vehicle with the driver thereof and is injured by the negligence of a third person, to which negligence that of the driver contributes, this contributory negligence is not imputable to the passenger, unless said passenger has, or is in a position to have and exercise, some control over the driver

with reference to the matter wherein he was negligent. We are not disposed to impute to appellant Sadie Cable the contributory negligence of her father; but she being of years of discretion was subject to the general rule of "stop, look and listen" heretofore announced, and in the absence of a showing that she endeavored to stop the horse or have her father do so or to do anything for her protection equivalent thereto, and in the absence of any evidence tending to show a purpose, intention, or attempt on her part to take any such precaution, or that she was prevented or without fault on her part induced from so doing, we see no way by which she may escape the operation of the rule.

The judgment of the superior court is affirmed.

FULLERTON, CROW, RUDKIN, and DUNBAR, JJ., concur.