[No. 24478. Department One. July 7, 1933.]

H. E. HANNA *et al., Respondents,* v. WILLIAM BODLER *et al., Appellants.*[1]

*W. D. Scott,* for appellants.
*Harry M. Morey,* for respondents.

MILLARD, J.—This action was brought by a husband and wife to recover from the owners and a tenant of a building in Spokane for personal injuries sustained by the wife as the result of her fall into a unguarded areaway of the defendant owners' building. A jury was empaneled to try the cause. At the conclusion of plaintiffs' case in chief, defendants moved for a nonsuit, and

[1]Reported in 23 P. (2d) 396.

the court announced that the motion would be granted. Plaintiffs made a motion for a new trial on three distinct statutory grounds, as follows: Irregularity in the proceedings of the court; insufficiency of the evidence to justify the decision, and that the order granting a nonsuit was against the law; and error in law occurring in the trial and excepted to at the time by the plaintiffs. The court granted the motion. The defendants have appealed from the order granting the new trial.

The order granting the new trial was general; that is, it does not appear therefrom on which one or more of the several grounds set out in the motion the order is rested. We have consistently adhered to the rule that

" . . . where a motion for a new trial is based on several grounds, and the order does not disclose the ground on which it is rested, the order will not be disturbed on review if it can be soundly rested on any of the stated grounds." *Applewhite v. Wayne,* 152 Wash. 62, 277 Pac. 84.

Except where pure questions of law are involved, the granting or refusing to grant a new trial is discretionary with the trial court.

Appellants' motion for nonsuit should not have been granted. There was evidence tending to prove that an unguarded areaway, which was not properly lighted, was adjacent to a sidewalk intended for the use of the public; that appellants, or their tenant, or both, permitted that dangerous situation to continue; and that, by reason thereof, the respondent wife was injured. The respondents made a prima facie case. The evidence adduced by respondents, if believed to be true, would have warranted the jury in returning a verdict in favor of respondents.

The trial court cross-examined respondent

462

wife. During that cross-examination, the court indulged in argument with the witness to such an extent that the court may have believed that the respondents did not have a fair trial. That ground, and the ground of insufficiency of the evidence to justify the granting of the motion for a nonsuit, which involved the discretionary powers of the court, were stated in the motion for a new trial. On either ground, the order granting the new trial can soundly rest. On either ground, the court could have granted the motion without abusing its discretion. As the order granting the new trial does not disclose that it did not do so, the order must be affirmed. It is so ordered.

TOLMAN, MITCHELL, and HOLCOMB, JJ., concur.

BEALS, C. J., concurs in the result.