[No. 26109.  Department One.  August 21, 1936.]

FRED JACKMAN, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

*A. C. Van Soelen* and *John E. Sanders,* for appellant.
*Bryce Little* and *John W. Day,* for respondent.

MITCHELL, J.—This is a personal injury action brought by Fred Jackman against the city of Seattle for damages arising out of a collision between plaintiff's automobile and a street car operated by the city

[1]Reported in 60 P. (2d) 78.

of Seattle. The collision occurred at the intersection of First avenue south, which runs northerly, and Orcas street, which runs easterly. Negligence and contributory negligence were the issues in the case. The trial resulted in a verdict for the plaintiff. The city has appealed.

The nominal assignments of error are restated by the appellant and argued as presenting two questions: (1) Contributory negligence of the respondent, as a matter of law; and (2) the insufficiency, in form, of the claim of the respondent for damages presented to the city prior to commencing the suit.

Upon the first question, the evidence in the case was entirely sufficient to satisfy the jury, as follows: The accident occurred about six-thirty a. m., February 22nd, 1934. The city operates a double track street railway along the center of First avenue south, the west track being used for south-bound street car traffic. Adjoining the street car tracks on the west, the street is paved and used for automobiles going either north or south. Orcas street is paved along the center, and crosses First avenue south at right angles.

Respondent was driving north on First avenue south, about five feet west of the west street car track. Visibility was poor, because of considerable fog, though respondent could see the rails of the street car tracks and the edge of the pavement upon which he was traveling. He stopped at the south of Orcas street, intending to go east on that street. He testified:

"I looked north and I could not see anything or could not hear nothing, and I started across the street."

After starting to go across the street car tracks, he traveled in low gear about eight or ten miles an hour. He testified:

"But, I remember getting pretty well across the track and I was looking all the time and I couldn't see nothing or hear nothing."

He remembered the front wheels getting onto the east street car track, at which time the collision occurred rendering him unconscious.

A daily patron of that south-bound street car testified that, as usual, he arose from his seat in the street car, approached the front, and called for Orcas street, but that the street car was not stopped until after it passed entirely through the intersection, and that he did not hear, or remember hearing, any bell or signal of the street car upon approaching, or while crossing, the intersection.

The street car motorman testified that he was going approximately twenty miles an hour when the collision occurred.

An examination of the authorities upon the subject of contributory negligence, as a matter of law, whether those cited by counsel in this case or not, discloses, of course, a great variety of facts claimed in each case to meet the requirement of the rule, but they manifest no purpose to change, or attempt to further define, the often repeated rule stated in *Walters v. Seattle,* 97 Wash. 657, 167 Pac. 124, as follows:

"It has long been the rule of this court that, before a court will be justified in taking from the jury the question of contributory negligence, the acts done must be so palpably negligent that there can be no two opinions concerning them. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Traver v. Spokane St. Ry. Co.,* 25 Wash. 225, 65 Pac. 284."

Likewise, in the case of *Traver v. Spokane St. R. Co.,* 25 Wash. 225, 65 Pac. 284, quoted with approval in *Richmond v. Tacoma R. & Power Co.,* 67 Wash. 444, 122 Pac. 351, it was stated:

"The great weight of authority is to the effect that, before a court will be justified in taking from the jury the question of contributory negligence, the acts done must be so palpably negligent that there can be no two opinions concerning them."

Under this settled rule, the facts in this case were entirely sufficient to take the case to the jury.

Appellant's other contention is without merit. In the written claim presented to the city before the commencement of the suit, the respondent, speaking of the negligence of the city leading to and causing the accident, said:

"As I turned to the right to go east on Orcas street, a south-bound Seattle street car, *driven in a careless, reckless, and negligent manner, hit me broadside* damaging my car and causing injuries to me."

Counsel say that the form of the claim in this respect does not sufficiently comply with Rem. Rev. Stat., §§ 9478 and 9479 [P. C. §§ 703, 704], and with the charter of Seattle to the same effect, that "all such claims for damages *must accurately* locate and *describe the defect that caused the injury.*"

Clearly, that requirement in the statute and city charter refers only to physical defects in sidewalks, streets and other places in the city, and not, as here, to the negligent conduct of officers, agents and servants of the city in the performance of their duties causing the damages for which the claim is filed.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.