A. L. CORBALEY, *as Administrator, Appellant,* v. PIERCE
COUNTY *et al., Respondents.*[1]

[1]Reported in 74 P. (2d) 993.

*Burkey & Burkey* and *M. F. Porter,* for appellant.

*Harry H. Johnston* and *John E. Belcher,* for respondent Pierce county.

*Charles T. Peterson* and *Thomas MacMahon,* for respondents Washington Navigation Company *et al.*

HOLCOMB, J.—This case presents an appeal from a judgment of dismissal entered in favor of respondents, notwithstanding the verdict of the jury in favor of appellant, and in the alternative granting a new trial if the judgment for dismissal is reversed.

This action was instituted by appellant against respondents to recover damages for the wrongful death of Glen Corbaley and funeral expenses, and also to recover damages to an automobile hereinafter referred to.

For many years, Pierce county has owned and maintained a dock and ferry slip designated as the "Fox Island ferry slip" (hereinafter referred to as the slip), at the west end of Sixth avenue extension road, in the

city of Tacoma, on Puget sound, to enable ferries to load and unload freight and passengers. This slip, which was twelve feet wide and ninety-four feet long, had a plank floor and overhead trusswork of heavy timbers.

Prior to July, 1936, the Skansie Ferry Company owned and operated the ferry "Fox Island" from this ferry slip. The Washington Navigation Company owned substantially all of the stock of the Skansie Ferry Company, and the latter was, in effect, a subsidiary of the Washington Navigation Company.

On or about June 27, 1927, Pierce county, acting through its duly constituted board of county commissioners, entered into an agreement with the Washington Navigation Company whereby, for a period of ten years, this company agreed to operate a ferry from the Sixth avenue dock across the waters of Puget sound to various wharves and docks on Fox Island for the transportation of freight and passengers. This contract was held invalid by this court in *State ex rel. Washington Nav. Co. v. Pierce County,* 184 Wash. 414, 51 P. (2d) 407, but the Washington Navigation Company continued to operate ferries from the slip. The last departure of the ferry "Fox Island" from the slip, on the date of the accident referred to, *infra,* was at or about 6:30 p. m.

The essential facts giving rise to the instant case are these: On the night of August 6, 1936, decedent drove to the home of Miss Sarah West, 609 south G street, in Tacoma, arriving there at about 7:45 p. m. Decedent and Miss West went out for a drive in the vicinity of Puyallup in a 1936 two-door Chevrolet sedan and thereafter returned to Tacoma on the Sixth avenue extension road, and drove upon the approach leading to the ferry and the slip at the end thereof at or about 11:30 p. m.

The approach was twenty feet wide and two hundred forty feet long, and there was a sidewalk adjacent thereto to the right. Lights were burning on the approach when decedent drove thereon. The slip sloped downward toward the sound. At the end of the slip, adjacent to the water, was a hinged apron about fourteen feet in length. There appears to have been dew on the planks and an oily substance on the apron, which had been dropped from cars driving over it.

The automobile stopped approximately in the middle of the ferry slip. Miss West, appreciating the perilous position in which they were situated, stepped out of the car and had just started up the slip when the car fell off the slip into the water, resulting in the drowning of decedent.

Relatively near the slip was a tavern in which lights were burning. It appears there was no gate or barrier of any kind across the slip to prevent decedent from driving thereon. Decedent was driving at a speed not in excess of twenty miles per hour at the time of the accident. The headlights of the car were still burning while the automobile was in the water. When the car was removed from the water, it was found that the ignition key was turned off, the car was in reverse gear, and the emergency brake set tight.

There were several signs present indicating the nature of the structure. The American Automobile Association had road signs approximately five hundred feet from the ferry slip, reading: "Ferry to Pt. Fosdick, Ferry to Cromwell, Ferry to Fox Island." A sign located on the railing between the waiting room and the truss of the ferry slip read: "Warning, No permanent parking on this dock." On the second truss on the left-hand side of the ferry slip was the following sign: "This property for Ferry Use only—By Order Co. Commissioners." There was also a sign on the gate

on the slip reading, "Stop, proceed only on signal of purser." This sign was not visible, however, when the gate was open.

At the time of his death, decedent was a widower, thirty-eight years of age, and was the father of three minor children, who were residing with him and being supported and educated by him. He was a berry rancher in Puyallup and a very sober, industrious, home loving, religious man, and a good citizen.

In October, 1936, appellant presented a claim for damages to the county commissioners of Pierce county by reason of the above accident, which claim was rejected.

Appellant contends it was the duty of respondents to keep the slip lighted during hours of darkness, and that it was their duty, when the ferry was not loading or unloading at the slip, to guard the same with a proper barrier, and that respondents at the time of this accident negligently failed to lock the gate and to see that it was securely fastened. Appellant also contends decedent did not discover his peril until it was too late to prevent the automobile from going over the slip into the water. Respondents answered that the death of decedent was occasioned solely through the carelessness and negligence of the deceased.

A number of errors are assigned relating to the admissibility of evidence. Suffice it to say we have examined these assignments and the evidence to which they relate and do not find them to be of merit.

Error is also assigned on the ground that the court gave erroneous instructions to the jury.

Rule VIII, (2), 159 Wash. xliii, provides:

". . . Where an objection is based on an instruction of the court, the instruction shall be set forth in the brief in full."

Since the instructions complained of are not set

forth in the brief, as required by the rule of court, *supra,* they cannot be considered. *Scott v. Pacific Power & Light Co.,* 178 Wash. 647, 35 P. (2d) 749; *Keseleff v. Sunset Highway Motor Freight Co.,* 187 Wash. 642, 60 P. (2d) 720; *State v. Jones,* 188 Wash. 275, 62 P. (2d) 44; *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350; *State v. Seabrands,* 191 Wash. 472, 71 P. (2d) 393.

■ Error is also assigned on the refusal of the trial court to retax costs by limiting mileage to one round trip by each witness to and from the place of trial, and by allowing witness fees for defendants' witnesses during the first three days of the trial, when it was known by defendants' counsel that these witnesses would not be called during that period.

The applicable statute relating to witness fees is Rem. Rev. Stat., § 497 [P. C. § 7477-84], which prescribes:

"Witnesses shall receive for each day's attendance in all courts of this state, besides mileage at ten cents per mile each way, $2."

This statute is explicit in regard to the per diem compensation of witnesses and of the mileage allowance. Numerous trips by a witness to and from his domicile during a trial might be improper if his domicile is far removed from the locus of the trial, but that is a matter which must be resolved according to the facts of each particular case.

It is alleged that respondents' witnesses were prematurely called. It is often difficult to ascertain at precisely what time witnesses must be available. After reviewing all of the facts before us, we are unable to say that the witnesses' mileage allowances and witness fees were not properly taxed.

■ Appellant also assigns as error the entering of

judgment for all the defendants, notwithstanding the verdict to the contrary.

We have carefully examined the entire record and are convinced that this case presents essentially a question of fact. The primary facts presented which must be considered to determine the ultimate fact, namely, whether decedent's death was occasioned by the negligence of respondents or an attempt to commit suicide, include:

(1) Whether the gate on the ferry slip was closed and properly fastened at the time of the accident; (2) whether the slip was dark or lighted; (3) whether the signs afforded an adequate warning to decedent; and (4) the credibility of the witnesses.

We shall not attempt to recapitulate the testimony of the many witnesses appearing at the trial, but shall indicate the general trend of the testimony.

It was customary for the purser to close the gate on the slip, and the purser and captain of the ferry (Fox Island) testified that, when the ferry left the slip on the night of the accident, it was closed and fastened by a rope around the post at about 6:30 p. m. The proprietor of the tavern located on the dock, testified he noticed the gate open at 8:30 p. m. on August 6, 1936, and thereupon closed it. It definitely appears from the record, however, that the gate was open at 11:30 p. m. that evening when decedent went upon it.

Relative to whether the slip was dark or lighted, the testimony is in direct conflict.

The testimony also indicates the witnesses entertained different views in regard to the effectiveness and adequacy of the signs referred to. The sign on the gate was necessarily obscured when the gate was open.

The testimony of Miss West and of the witnesses testifying to the statements of decedent with respect to committing suicide, is in direct conflict.

In a situation of this nature, it is, manifestly, the function of the jury to pass upon the credibility of the witnesses. *Scribner v. National Refining Co.*, 169 Wash. 44, 13 P. (2d) 61; *Simmons v. Anderson*, 177 Wash. 591, 32 P. (2d) 1005; *Sauers v. Mutual Benefit Health & Acc. Ass'n*, 187 Wash. 262, 60 P. (2d) 103.

At the conclusion of appellant's testimony, respondents moved the court for a judgment of nonsuit and dismissal with costs on the ground that appellant's evidence wholly failed to establish any case for the jury, and that appellant was guilty of contributory negligence in not exercising his senses and faculties for his own safety and preservation. The court, however, concluded that the matter should be submitted to the jury on the facts.

Coming now to a consideration of whether the court erred in granting judgment for respondents notwithstanding the verdict of the jury for appellants, it is manifest that the testimony was conflicting with respect to the foregoing primary facts, and coupled with this, the apron of the slip was covered with an oily substance, and the car, when restored from the water, had the ignition turned off, the emergency brake on tight, and the gear in reverse. In view of the foregoing, we believe the trial court erred in granting judgment n. o. v. for respondents.

The rule is well settled here that a court is not warranted in granting judgment notwithstanding the verdict unless it can be said, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain a verdict. *Jensen v. Shaw Show Case Co.*, 76 Wash. 419, 136 Pac. 698; *Hajduk v. Grays Harbor R. & Light Co.*, 115 Wash. 217, 196 Pac. 625; *Allen v. Landre*, 120 Wash. 171, 206 Pac. 845; *Lydon v. Exchange Nat. Bank*, 134 Wash. 188, 235 Pac. 27; *Reynolds v. Morgan*, 134 Wash. 358, 235 Pac. 800;

*Hart v. Hogan,* 173 Wash. 598, 24 P. (2d) 99; *Carroll v. Western Union Tel. Co.,* 170 Wash. 600, 17 P. (2d) 49.

Where the evidence is conflicting upon an issuable fact and where minds of reasonable men may differ with respect thereto the question is one for the jury to determine. *Caylor v. B. C. Motor Transportation, Ltd.,* 191 Wash. 365, 71 P. (2d) 162.

Moreover, in determining if a judgment notwithstanding the verdict should be granted, all material evidence favorable to the party benefited by the verdict must be taken as true, and from such evidence all reasonable inferences most favorable to such party must be indulged. *Boyd v. Cole,* 189 Wash. 81, 63 P. (2d) 931; 73 A. L. R. 1074; 5 Am. Jur. 685.

 The trial court entertained the view that decedent was guilty of contributory negligence. Under the circumstances attending the facts of this case, we are unable to find that decedent was guilty of contributory negligence as a matter of law. Whenever the minds of reasonable men differ as to the existence of contributory negligence, then the question of contributory negligence is not a question of law for the court, but is a question of fact for the jury. *Williams v. Northern Pac. R. Co.,* 63 Wash. 57, 114 Pac. 888, Ann. Cas. 1912D, 340; *Richmond v. Tacoma R. & Power Co.,* 67 Wash. 444, 122 Pac. 351; *Gregg v. King County,* 80 Wash. 196, 141 Pac. 340, Ann. Cas. 1916C, 135; *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Bryant v. Hartford Eastern R. Co.,* 158 Wash. 389, 290 Pac. 874; *Nelson v. Booth Fisheries Co.,* 165 Wash. 521, 6 P. (2d) 388; *Hohman v. Seattle,* 179 Wash. 663, 38 P. (2d) 242; *Jackman v. Seattle,* 187 Wash. 446, 60 P. (2d) 78; 1 Thompson on Negligence (2d ed.), § 425.

The judgment of the trial court provided that, in the event judgment notwithstanding the verdict of the

jury should be reversed by this court, then respondents are entitled to a new trial upon two grounds: (1) The verdict is against the weight of the evidence; and (2) that the trial court gave an erroneous instruction to the effect that a wharf is a public highway.

■ Appellant contends the motion for judgment notwithstanding the verdict and for new trial on the part of the county could not be entertained because these motions were not filed with the clerk of the court within two days after the return of the verdict, as required by Rem. Rev. Stat., §§ 431 and 402 [P. C. §§ 8081, 8229] respectively. We find the trial court duly considered affidavits made by a deputy prosecuting attorney of Pierce county and the county clerk and a number of his deputies in regard to whether or not the county had filed its motions for judgment n. o. v. and a new trial on April 24, 1937, as contended by the county. The trial court found these motions were not filed by the county with the clerk of the court.

We have carefully reexamined these affidavits and conclude that the conclusion of the trial court is correct. The verdict of the jury was rendered April 23, 1937. The motions not having been filed within two days after the rendition of the verdict as required by the mandatory statutory provisions, the verdict of the jury stands with respect to the county, and the county is precluded from having a new trial. *Vermont Farm Machine Co. v. Lamka,* 94 Wash. 622, 162 Pac. 984; *Hinz v. Crown Willamette Paper Co.,* 175 Wash. 315, 27 P. (2d) 576.

■ Appellant urges that, in the case at bar, no new trial may be granted, in view of the fact that Rem. Rev. Stat. (Sup.), § 399 [P. C. § 8225], Laws of 1933, chapter 138, § 1 (7), p. 482, provides a new trial may be granted upon the ground "that there is no evidence

or reasonable inference from the evidence to justify the verdict."

We have held that this section does not restrict the inherent power of the court to grant a new trial when the court is satisfied that substantial justice has not been done. *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *Hatcher v. Globe Union Mfg. Co.,* 178 Wash. 411, 35 P. (2d) 32; *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771; *Rooker v. Alaska Steamship Co.,* 185 Wash. 71, 53 P. (2d) 295.

■ The trial courts have wide discretion in granting or refusing new trials, and the exercising of this discretion in granting a new trial will not be interfered with except in situations in which purely questions of law are involved. *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617; *Leach v. Erickson,* 161 Wash. 473, 297 Pac. 738; *Norland v. Peterson,* 169 Wash. 380, 13 P. (2d) 483; *Hanna v. Bodler,* 173 Wash. 460, 23 P. (2d) 396; *Boyd v. Cole, supra.*

■ It is prejudicial error for the trial court to instruct the jury that the wharf involved was a public highway. *Gregg v. King County, supra; State ex rel. Wauconda Inv. Co. v. Superior Court,* 68 Wash. 660, 124 Pac. 127, Ann. Cas. 1913E, 1076.

We are unable to find, under the record before us, that the trial court acted arbitrarily or abused its discretion in granting a new trial with respect to the Washington Navigation Company and the Skansie Ferry Company.

The judgment of the trial court is therefore reversed, and judgment n. o. v. set aside and a new trial ordered with respect to the Washington Navigation Company and the Skansie Ferry Company only.

STEINERT, C. J., MAIN, BLAKE, and SIMPSON, JJ., concur.