[No. 26832. Department One. February 21, 1938.]

MIKE BILLIAS, *Respondent*, v. CHRIST PANAGEOTOU
*et al., Appellants.*

CHRIST PANAGEOTOU, *Appellant*, v. MIKE BILLIAS,
*Respondent.*[1]

*Monheimer & Griffin,* for appellants.

*Wettrick & Wettrick* and *Flood, Lenihan & Ivers,*
for respondent.

SIMPSON, J.—These actions were consolidated for
trial and are now considered together on this appeal.

In the case of Mike Billias v. Christ Panageotou and
Tom Panageotou, the plaintiff alleges that he and the
defendants have been for a long time copartners in the
ownership, maintenance, and operation of a restaurant

[1]Reported in 76 P. (2d) 987.

known as the City Grill, in the city of Seattle; that defendants are brothers and have conspired to defraud the plaintiff of his interest in the copartnership; and that they have wilfully failed and refused to allow him to participate in the management of the concern. The plaintiff then asked for a dissolution of the partnership and an accounting of the proceeds thereof.

In their answer, the defendants deny all of the allegations relating to partnership and contend further that plaintiff never had any proprietary interest in the restaurant.

In the second case, Christ Panageotou v. Billias, the complaint simply alleges that, on or about May 15, 1931, at the special instance and request of the defendant, plaintiff loaned and advanced for defendant's use and benefit the sum of one thousand dollars, for which advance demand has been made and payment refused. Defendant Mike Billias denied this allegation.

The cases were consolidated and tried to the court, sitting without a jury, on October 23, 1934. At the conclusion of the trial, the court announced that he would dismiss the first case and enter judgment for plaintiff in the sum of one thousand dollars in the second case.

November 2, 1934, findings of fact and conclusions of law were made and entered by the court in accordance with its oral announcement. However, at that time the court refused to sign the judgment in favor of the plaintiffs in the second case, for the reason that the motion for a new trial had been presented by the plaintiff in the first case.

In his motion for a new trial, the plaintiff in the first case raised the question concerning the court's ruling during the trial in which he had refused to allow an attorney, who had represented all of the litigants during the time of the alleged partnership, to testify. In passing upon this motion, the court concluded that it

had been mistaken in its ruling concerning the admissibility of the testimony and thereupon granted the motion.

This appeal is taken from the order of the court in granting a new trial in the first case and in refusing to enter judgment in the second case.

Assignments of error are, first, that the court erred in granting a new trial in the first case, and second, that it erred in refusing to enter judgment in the second case.

In attempting to support his allegation in the first case that he was a partner with the defendants, respondent called Sylvester Garvin, an attorney of Seattle, as a witness. Mr. Garvin testified that he had been attorney for all of the parties since the start of events which culminated in the beginning of these two actions and for a considerable length of time, and had talked over with them, on various occasions, their difficulties and arrangements concerning their business. Objection was then made by appellants that the communications made to the attorney were privileged. The court sustained this objection, whereupon the attorney for respondent offered to prove that the witness had conferred with respondent Mike Billias and appellant Christ Panageotou prior to the institution of the actions and had discussed with them the settlement of their differences; and that there never was, up until the time that these actions were brought, or even prior thereto, any contention made by appellant Christ Panageotou that respondent was not a partner in the business conducted under the name of the City Grill. Clearly, the offered testimony had to do with the question of whether or not there was a partnership.

Questions concerning the granting of motions for a new trial are largely within the discretion of the

trial court. In the recent case of *Corbaley v. Pierce County*, 192 Wash. 688, 74 P. (2d) 993, we said:

"The trial courts have wide discretion in granting or refusing new trials, and the exercising of this discretion in granting a new trial will not be interfered with except in situations in which purely questions of law are involved. *Danielson v. Carstens Packing Co.*, 115 Wash. 516, 197 Pac. 617; *Leach v. Erickson*, 161 Wash. 473, 297 Pac. 738; *Norland v. Peterson*, 169 Wash. 380, 13 P. (2d) 483; *Hanna v. Bodler*, 173 Wash. 460, 23 P. (2d) 396; *Boyd v. Cole, supra* [189 Wash. 81, 63 P. (2d) 931]."

█ Appellants contend, however, that the proposition presented by the motion for a new trial does not involve the exercise of a discretion on the part of the trial court, but does present only a question of law. Viewing the court's action from such angle, however, we must agree that the motion was properly granted. Mr. Garvin, at the time he received the information concerning which he was asked to testify, was attorney for all of the parties and acting for their mutual benefit.

The rule is uniform that, in litigation between the same parties, communications that had been made to an attorney for the mutual benefit of such parties are not privileged.

This rule was announced in *Halffman v. Halffman*, 113 Wash. 320, 194 Pac. 371. On page 324 of that opinion, we cited with approval the following note in 11 Am. & Eng. Ann. Cas. 870-877:

" 'The general rule is that communications made to an attorney acting for several clients jointly are not privileged in a subsequent controversy between the clients. In a suit between them or their personal representatives, any one of them may require the attorney to disclose such communications.' "

This statement of the law has been approved in *In re Beck's Estate*, 79 Wash. 331, 140 Pac. 340; *Parker v.*

*Parker,* 121 Wash. 24, 207 Pac. 1062; and 5 Jones Commentaries on Evidence (2d ed.), 4143, § 2176.

Respondent moves to dismiss the appeal in the second case, Christ Panageotou v. Mike Billias, on the ground that no appealable order or judgment had been made or entered.

In *In re Cliff Avenue,* 122 Wash. 335, 210 Pac. 676, we said:

"We have held on appeals from the superior court to this court that a notice of appeal is premature if given before judgment is entered, and that upon the ground that there is no judgment to appeal from."

In *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900, in considering our statutes relative to appeals, our opinion stated:

"The statute (Rem. Comp. Stat., § 404) defines a judgment in the following language:
" 'A judgment is the final determination of the rights of the parties in the action.' . . .
"The statute relating to appeals (Ib. § 1716) provides:
" 'Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.
" '(1) From the final judgment entered in any action or proceeding, . . .'
"Manifestly, these statutes contemplate an orderly procedure. They contemplate that, before a pending action can be said to be concluded, there must be a final determination of the rights of the parties to the action; that the final determination must be expressed in writing, signed by the judge of the court in which the action is pending, filed with the clerk and recorded in the journal of the court, and that then, and not until then, is the action ripe for an appeal. Any appeal, therefore, purported to be taken from a final judgment, but taken before the entry of such judgment, would seem of necessity to be premature."

In this case, it was entirely proper for the court to refuse to enter judgment in the second case after it had determined to grant a new trial in the first one. The cases were tried together, and the new evidence might have an important bearing upon both cases when finally submitted to the court.

The judgment of the trial court in granting the motion for a new trial in the first case, wherein Mike Billias is respondent and Christ Panageotou and Tom Panageotou are appellants, will be affirmed. The appeal in the second case, wherein Christ Panageotou is appellant and Mike Billias is respondent, will be dismissed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.