[No. 27033. Department One. July 15, 1938.]

BERTRAND BEASLEY CASSELS *et al., as Executors, Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

'Reported in 81 P. (2d) 275.

434

*A. C. Van Soelen, John A. Logan,* and *E. A. Swift, Jr.,* for appellant.

*Robert F. Sandall,* for respondents.

Holcomb, J.—This is an appeal from a judgment entered upon a verdict of a jury for personal injuries sustained by falling in a street car.

This action was brought by Elizabeth B. Cassels through Bertrand Beasley Cassels, her guardian *ad litem.* Since Elizabeth B. Cassels is now deceased, the executors of her estate were substituted as respondents. The instant case was consolidated with the case of Gay v. Seattle, King county superior court cause No. 296610, for trial, but the Gay case is not involved in this appeal.

In her complaint, respondent alleged that on August 13, 1936, at approximately 4:30 p. m., she boarded a street car in Seattle at Third avenue and Pine street, intending to leave the street car at Madison street to transfer to the east bound Madison cable car; that this street car proceeded in a southerly direction on Third avenue; that midway between Spring and Madison

streets the motorman operating the street car, in attempting to bring such street car to a stop, negligently and carelessly applied the brakes and caused the car to be so violently jerked that respondent was thrown from her feet to the floor of the car, thereby injuring her; that, as the result of that fall, respondent was permanently injured, having received a severe blow over her left temple, fractured her left wrist, and wrenched and bruised her body generally; that, on September 3, 1936, respondent filed a claim for damages in the sum of thirty-five hundred dollars with the ex-officio city clerk of Seattle; that, since filing the claim, she has almost completely lost her mental faculties as a result of the accident; and therefore prayed for damages in excess of ten thousand dollars.

Appellant answered, denying the material allegations of the complaint, and by way of affirmative defense alleged that respondent was guilty of contributory negligence, in that she failed to exercise that degree of care which a reasonably careful and prudent person would have exercised under the same or similar circumstances. Respondent replied, denying the affirmative defense in the answer.

A verdict was returned in favor of respondent, upon which a motion was made for a judgment n. o. v. or for a new trial, which was denied. Judgment was entered in favor of respondent, and this appeal followed.

It is contended that the trial court erred in overruling appellant's motion for a new trial on the ground of the insufficiency of the evidence to support the verdict.

Respondent was seventy-two years of age at the time of the injury, and since her vision was somewhat impaired and since at times she appeared to be somewhat mentally unbalanced, a certain Mrs. Olive M. Gay, a co-plaintiff in this case, was engaged to act as a com-

panion for her. In the discharge of her duties, Mrs. Gay accompanied her to the theatre and assisted her in shopping. On the day of the accident, respondent, accompanied by Mrs. Gay, had been shopping at a Seattle department store and was en route home by street car. Respondent and her companion were sitting on the first seat facing south on the righthand side, and there was a long seat parallel to the aisle between them and the front door.

The testimony shows that, approximately midway between Spring and Madison streets, Mrs. Gay arose and thereafter respondent arose from her seat to get off at Third avenue and Madison street, and respondent fell on the floor of the car between the second and third seats. The undisputed evidence shows respondent suffered a fractured left wrist, a "colles fracture," and a contusion of the left temple around which was quite a large swollen area.

Prior to the accident, respondent showed signs of forgetfulness and appeared somewhat eccentric from time to time. Following the accident, however, respondent became very violent, mentally unbalanced to a very pronounced extent, and had to be confined in a sanitarium. The medical testimony is not in harmony in regard to the effect of the accident upon respondent's mental condition.

In regard to the nature of the jerk of the street car, the testimony is in sharp conflict. Some of the testimony indicates that the jerk was a very sudden, unusual, and extraordinary one, but other testimony is to the effect that there was no jerk, and that the car proceeded in the usual ordinary manner. The credibility of the witnesses was for the jury, and there is substantial evidence in the record to take the case to the jury, and if believed, to warrant the verdict reached by the jury.

In *Sauers v. Mutual Benefit Health & Acc. Ass'n,*
187 Wash. 262, 60 P. (2d) 103, we said:

"It is the province of a jury to judge of the credi-
bility of witnesses and to determine every issue of
fact submitted. In such a case as this, where the jury
chose to believe the respondent as against the agent
of appellant in each of the three vital transactions
which were in issue, its judgment is final. So, also,
as to every issue of fact in the case. There being
substantial evidence to support the verdict, we cannot
inquire further."

See, also, *Corbaley v. Pierce County,* 192 Wash. 688,
74 P. (2d) 993, and cases cited.

Appellant contends that, since the jury awarded
Mrs. Gay no damages, it must have disbelieved her
testimony as to negligent operation. This does not
follow, because there was such a disparity between
the ages of Mrs. Gay and respondent that what was
negligence with respect to one might ·not constitute
negligence with regard to the other. In addition, the
injuries suffered by respondent were of a character
much different from those which Mrs. Gay alleged
she sustained. The testimony is conflicting as to
whether all the seats in the street car were filled
with passengers, and quite a number of people were
standing.

The court correctly instructed the jury with re-
spect to contributory negligence, and under the facts
disclosed by the record that was a question for the
jury to determine. *Corbaley v. Pierce County,. supra.*

Appellant also argues that a new trial should
be granted because instruction No. 11 was erroneous
and prejudicial to appellant, in that it virtually makes
the street car operator an insurer of aged persons.

By another instruction, No. 8, the jury were in-
structed that appellant is not an insurer of safety to
its passengers in the street cars. Persons who elect

to use this mode of conveyance assume the risk of injury from ordinary jars and jolts. *Matthews v. N. O. Public Service Inc.,* 8 La. App. 463; *Walsh v. Boston Elevated R. Co.,* 256 Mass. 17, 152 N. E. 64.

To support a claim for damages occasioned by jerks and jolts on a street car, there must be evidence that the facts and circumstances surrounding the injury show negligence. *Wile v. Northern Pac. R. Co.,* 72 Wash. 82, 129 Pac. 889; Annotations, 29 L. R. A. (N. S.) 814. It is, however, actionable negligence to cause a street car to give a violent or unusual jolt causing injury to a passenger. *Laible v. Wells,* 317 Mo. 141, 296 S. W. 428; *Bales v. Kansas City Public Service Co.,* 328 Mo. 171, 40 S. W. (2d) 665.

Instruction No. 11 is precisely the same as that which was approved in *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743, and is apposite to the operation of the street car under the facts of this case. See, also, *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *St. Louis S. W. R. Co. of Texas v. Ferguson,* 26 Tex. Civ. App. 460, 64 S. W. 797; *Gulf, C. & S. F. R. Co. v. Redeker,* 45 Tex. Civ. App. 312, 100 S. W. 362.

Finding no error in the record, the judgment is affirmed.

MILLARD, MAIN, GERAGHTY, and SIMPSON, JJ., concur.